IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE LADELL-SAGEL,[1] | § | |
| | § | |
| Respondent Below- | § | No. 314, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware |
| THERESA LADELL-SAGEL, | § | |
| | § | File No. CN16-04099 |
| Petitioner Below- | § | Petition No. 17-05770 |
| Appellee. | § | |

Submitted: April 13, 2018
Decided: June 20, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 20th day of June 2018, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     In this appeal from a child custody order and the denial of a motion to relocate, the appellant, George Ladell-Sagel ("Father"), challenges several of the Family Court's factual findings and argues that the Family Court erred in determining that it was in the best interests of the parties' three children that they reside primarily with the appellee, Theresa Ladell-Sagel ("Mother"), in Delaware. Father also argues that the Family Court erred in ordering him to attend counseling

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

with the parties' oldest child or else risk losing his visitation rights with all three children.

(2)     Our review of an appeal from a custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the Family Court after considering the weight and credibility of the testimony.[2]  To the extent the Family Court's decision implicates rulings of law, our review is de novo.[3]  Findings of fact will not be disturbed unless they are found to be clearly erroneous and justice requires that they be overturned.[4]  The judgment below will be affirmed "when the inferences and deductions upon which [the decision] is based are supported by the record and are the product of an orderly and logical deductive process."[5]

(3)     Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for children in accordance with the best interests of the child.[6]  The August 3, 2017 order reflects that the Family Court carefully reviewed all of the best interest factors under 13 *Del. C.* § 722.  To the extent that Father challenges the factual findings upon which the Family Court's custody decision rested, Father had the burden of supplying a transcript of the June

---

[2] *Devon v. Mundy*, 906 A.2d 750, 752 (Del. 2006).
[3] *Id.* (citing *In re Heller*, 669 A.2d 25, 29 (Del. 1995)).
[4] *Id.* (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).
[5] *Id.* at 752-53.
[6] 13 *Del. C.* § 722.

13, 2017 hearing to this Court for review.[7]  Father chose not to obtain the transcript after the Family Court denied his motion to waive the fee.  Under the circumstances, we defer to the Family Court's factual findings.  It is apparent from its thoughtful opinion that the Family Court reviewed the evidence, made factual findings, and applied the correct legal standard in determining that it was in the children's best interest that they remain together and that Mother should have primary residential placement.  Moreover, we find no error in the Family Court's condition that Father must attend counseling with the parties' oldest child.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[7] *See* Del. Supr. Ct. R. 9(e)(ii), 14(e).

3